# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

JOHN A. LESLIE, Respondent, *v.* JACOB LORILLARD, THE LORILLARD STEAMSHIP COMPANY, Appellants, Impleaded with THE OLD DOMINION STEAMSHIP COMPANY OF NEW YORK and THE OLD DOMINION STEAMSHIP COMPANY OF DELAWARE.

*Action by a stockholder to restrain wrongful acts of the corporation — a refusal of the corporation, after demand, to bring the action must be alleged — mere neglect to do so is not enough to justify the stockholder in acting.*

Appeal from an interlocutory judgment, entered upon an order overruling a demurrer to the complaint.

This action was brought by the plaintiff as a stockholder of the Old Dominion Steamship Company, of Delaware, on behalf of himself and other stockholders similarly situated, who shall come in and contribute to the expenses of the suit.

The court at General Term, after considering several grounds upon which it was sought to sustain the demurrer, said: " The fourth ground of demurrer is that the complaint does not state facts sufficient to constitute a cause of action. We have considered carefully the able and elaborate briefs presented by the learned counsel for the appellant upon this ground, and have come to the conclusion that the several objections which he presents will arise more properly upon the trial of the action than upon this demurrer, with the exception of one, which is in substance that the complaint does not sufficiently aver that the corporation, the Old Dominion Steamship Company, of Delaware, has refused to bring an action to redress the alleged wrongs of its officers, in such manner as to entitle the plaintiff to maintain this action as a stockholder of that corporation. To give him that right the stockholder must aver that the corporation has *refused to bring the action.*"

" The allegation of the complaint is : ' That heretofore, and before the commencement of this action the plaintiff requested the defendant, The Old Dominion Steamship Company, of Delaware, to pay no more money to said Jacob Lorillard, or his assigns, under said contract, marked B, and to commence an action to procure the cancellation of said contract and to recover from said Jacob Lorillard all sums of money paid to him under the same and under the contract first herein mentioned. That said defendant has neglected to bring such action and threatens to continue to make the monthly payments provided for in said contract.'

" The allegation that the defendant has neglected to bring such action is not equivalent to an allegation that the defendant has refused so to do. It is not stated how long such neglect continued ; whether for a day, a month, a year, or any other time, and there is nothing from which the court can lawfully infer that such neglect is equivalent to a refusal. A refusal of the board of directors in such a case is essential in order to give the stockholder any standing in court, as the charter confers upon the directors the general management of the business of the company. ' There must be a clear default, therefore, on their part involving a breach of duty.' (Per NELSON, J., *Memphis City* v. *Dean*, 8 Wall., 73.)

" In *Greaves* v. *Gouge* (69 N. Y., 71), the Court of Appeals laid down the rule in these words : ' When a stockholder brings such an action the complaint should allege that the corporation, on being applied to, refuses to prosecute ; and, as this averment constitutes an essential element of the cause of action, the complaint is defective and insufficient without it.'

" It is not necessary in considering this point to go so far as the Supreme Court of the United States in *Hawes* v. *Contra Costa Water Company* (21 Am. Law Reg. [N. S.], 252). In that case the plaintiff averred that, on a specified time, he applied to the president and board of directors, and that they wholly declined to take any proceedings whatever in the premises. The demurrer was sustained on the ground substantially that this allegation did not show such a distinct and unqualified refusal as the law required, to vest the right of action in the stockholder.

" On the last two grounds considered, we think the demurrer should have been sustained in the court below.

"The judgment must be reversed, and judgment ordered for defendants on the demurrer, with the usual leave to the plaintiff to amend on the usual terms."

*Asa Bird Gardner*, for the appellant.

*Thomas S. Moore*, for the respondent.

Opinion by Davis, P. J., Daniels, J., concurred.

Present — Davis, P. J., and Daniels, J.

Judgment reversed and judgment ordered for defendants on demurrer, with leave to plaintiff to amend on the usual terms.